The Honorable Janice A. Judy State Representative 202 W. Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have requested my opinion on the issues raised by the following questions:
 (1) Who can surface discharge "treated" household wastewaters without a permit?
 (2) Who can issue permits for discharge of "treated" household wastewaters to the surface? What are the requirements of the permit?
 (3) What is the difference between "treated" and "untreated" household wastewaters?
 (4) How does one distinguish between "onsite" and "offsite" discharge of "treated" household wastewaters?
(5) Is it legal to have a public health hazard onsite?
All of your questions pertain to individual sewage disposal systems, which are governed by the Arkansas Sewage Disposal Systems Act (A.C.A. §14-236-101 et seq.), and by various regulations of the Arkansas Department of Health and of the Arkansas Department of Environmental Quality.
RESPONSE
Question 1 — Who can surface discharge "treated" household wastewaterswithout a permit?
The Arkansas Sewage Disposal Systems Act (A.C.A. § 14-236-101 et seq.) requires a permit for the operation of individual sewage disposal systems and alternate or experimental systems. A.C.A. § 14-236-112. Systems that operate to discharge treated household wastewater to the surface are those that are referred to in the act as "alternate or experimental systems." The act provides for one exception to the permit requirement for any type of disposal system, as follows:
 (c) The requirements of this chapter shall not apply to any individual sewage disposal system or alternate and experimental system which is situated on a tract of land ten (10) acres or larger, in which the field line or sewage disposal line is no closer than two hundred feet (200') to the property line.
A.C.A. § 14-236-104(c).
Anyone who does not fall within the above-quoted exception must obtain a permit to operate an individual sewage disposal system or alternate or experimental system. For a discussion of the meaning of the phrase "tract of land," as used in the quoted section, see Op. Att'y Gen. No. 97-180.
Question 2 — Who can issue permits for discharge of "treated" householdwastewaters to the surface? What are the requirements of the permit?
Permits for the operation of all types of individual sewage disposal systems, including alternate or experimental systems that discharge treated wastewater to the surface, are issued by the Division of Sanitarian Services of the Department of Health. The authority to issue such permits is granted in A.C.A. § 14-236-107(b)(6). In addition, systems that produce off-site discharges (explained more fully in response to Question 4) require a National Pollutant Discharge Elimination System Permit, which is issued by the Arkansas Department of Environmental Quality. See the Department of Health's Alternate Systems Manual, "General Policy Regarding Alternate Sewage Disposal System Construction," p. 1, and "Surface Discharging Systems, p. 8; A.C.A. §8-4-207; and Rule 6 of the Rules and Regulations of the Arkansas Department of Environmental Quality.
There are numerous requirements for these permits, depending on the specific type of system in question. A recitation of all possible permit requirements taking into consideration all possible contingencies is well beyond the scope of an Attorney General opinion. In order to determine the requirements that must be met, the permit applicant must consult the applicable statutes and rules and regulations, cited above.
Question 3 — What is the difference between "treated" and "untreated"household wastewaters?
The difference between "treated" and "untreated" wastewaters can be determined from the various requirements for the disinfection of effluents, as set forth and explained in the Arkansas Department of Health's Alternate Systems Manual. In order for surface discharge to be permitted, all effluent must be adequately disinfected in accordance with these requirements. See that manual under the heading" Disinfection of Sewage Effluent, p. 16."
Question 4 — How does one distinguish between "onsite" and "offsite"discharge of "treated" household wastewaters?
The distinction between "onsite" and "offsite" discharge arises out of the Arkansas Department of Health's requirements concerning alternate sewage disposal systems, as set forth in the Department's Alternate Systems Manual. See headings "General Policy Regarding Alternate Sewage Disposal System Construction," p. 1, and "Surface Discharging Systems, p. 8. Under those requirements, alternate systems that discharge effluents to the surface are permitted only on property having a minimum size of three acres. The purpose of this requirement is to assure that the surface discharge is contained within the three-acre site. Off-site discharges are those that are produced outside the three-acre range. They are permitted only on residences with existing, failed sewage disposal systems. As noted previously, alternate systems that produce off-site discharges require a National Pollutant Discharge Elimination System Permit, issued by the Arkansas Department of Environmental Quality, in addition to the permit that is issued by the Division of Sanitarian Services of the Department of Health. See the Department of Health's Alternate Systems Manual, "General Policy Regarding Alternate Sewage Disposal System Construction." Thus the distinction between "onsite" and "offsite" discharge is that "onsite" discharge is that which occurs within the three acres owned by the landowner. "Offsite" discharge occurs outside the three-acre boundary.
Question 5 — Is it legal to have a public health hazard onsite?
Although it is not clear how you have defined the term "public health hazard," nor does the Arkansas Sewage Disposal Systems Act define the term, it is clear that the act does not permit "health hazards" or "nuisances." After excepting certain previously-existing disposal systems from the requirements of the act (which are stricter than the requirements that applied to those previously-existing systems), the act states:
 However, any individual sewage disposal system which is determined by the Division of Sanitarian Services of the Department of Health to be a health hazard or which constitutes a nuisance due to odor or unsightly appearance must conform with the provisions of this chapter and applicable rules and regulations within a reasonable time after notification that the determination has been made.
A.C.A. § 14-23-104(b).
The above-quoted language appears to presume that compliance with the strictures of the act will prevent health hazards and nuisances.
Moreover, the act imposes penalties for violation of the requirements of the act, including violations of the various rules and regulations that have been promulgated pursuant to the act. A.C.A. § 14-236-106. Among these rules and regulations are the maximum pollutant levels, which are set forth in the Department of Health's Alternate System Manual. See
heading "Surface Discharging Systems." Moreover, the Manual makes clear that exceeding these limits is impermissible. The Manual states:
 When a surface discharge system fails to function properly or does not consistently meet the discharge requirements, the discharge of sewage must stop immediately. . . . It is the responsibility of the homeowner to adequately maintain the sewage treatment system and to insure that the effluent limits are met. The homeowner is also responsible for all costs relating to monitoring and record keeping. An approval by the Health Department is no guarantee that the design is capable of meeting the established limits.
Alternate System Manual, "Surface Discharging Systems," p. 8.
The Manual also states:
 The ADH's acceptance and approval of an alternative design does not release the homeowner from any obligation, responsibility or liability relating to the system's operation and maintenance or any discharge, planned or unplanned.
Alternate System Manual, "General Policy Regarding Alternate Sewage Disposal System Construction," p. 1.
The Division of Sanitarian Services of the Department of Health has the responsibility of inspecting individual sewage disposal systems to determine compliance with the act and with the various applicable rules and regulations. A.C.A. § 14-236-111. That Division of the Department also has the authority to enforce the act and the rules and regulations. A.C.A. § 14-236-108(b)(4). In addition, the prosecuting attorney to whom an authorized agent of the Department of Health reports violations of the act has a duty to prosecute. A.C.A. § 14-236-117.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General